DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
In your letter of October 2, 1973, you asked my opinion on the following:
 "May a school district send a speech therapist employed and supervised by such school district to a private parochial school to supply services as a speech therapist to private school students attending therapy sessions in the parochial school building?"
Unfortunately, the answer is "no." There must be statutory authority for any such program. In my opinion, the provisions of sec. 120.12 or sec. 120.13, Stats., dealing with school board powers and duties do not provide for any such program, nor may the power to implement and operate such a program be reasonably implied from these or other sections of the statute.
In addition, you have asked whether my answer would be different where only private school students were so served in a space in a parochial school rented by the school district on a nominal basis. The answer is again "no" for the reasons stated above. In addition, such an arrangement is suspect as being in violation of the establishment clause of the First Amendment. InLemon v. Kurtzman (1971), 403 U.S. 602, 91 S.Ct. 2105,29 L.Ed.2d 745, the United States Supreme Court held that a scheme, whereby the public school systems were *Page 9 
authorized to rent space from parochial schools was, under the circumstances, a fostering of "an excessive government entanglement with religion."
In addition, you have asked that my answer be considered in light of see. 115.85 (2) (d), Stats., as created by sec. 5 of ch. 89, Laws of 1973.
Section 115.76 (3) (e), Stats., created by sec. 5 of ch. 89, Laws of 1973, provides that children with speech or language disability are children "with exceptional educational needs" and hence subject to the provisions of ch. 89. Section 115.85 (2) provides for several alternative resources where children having exceptional educational needs may be educated. Section 115.85 (2) (d) provides that after the public programs have been found inappropriate ". . . the school board may . . . contract with a private special education service whose governing board, faculty, student body and teachings are not chosen or determined by any religious organization or for any sectarian purpose." In my opinion, the factual situation which you have related is not within the purview of this or any other section of ch. 89. In the first place, it does not appear that the public programs have been exhausted so as to make necessary the use of private programs. In addition, the school involved in your question is a parochial school and apparently does not meet the definition of the "private educational service" described in sec. 115.85 (2) (d). It is my further opinion that powers may not be implied from ch. 89 so as to permit a speech therapist to render, in a private parochial school, service to children attending such school, whether the space be rented by the public school district or not.
The rigidity of the doctrine regarding separation of church and state begins to soften and become more flexible as the service at issue moves from educational toward health and welfare. Speech therapy services, related to health as they are, might well be permissible if the legislature had seen fit to authorize them. The legislature has not taken such action.
RWW:JWC *Page 10